# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-41128
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO CANTU-BARAJAS,

Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-394-1
--------------------------------------------------------
July 23, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Rodolfo Cantu-Barajas appeals following his jury trial conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Cantu argues that there was insufficient evidence to support his conviction and that the district court erred in denying his motion for a mistrial after the prosecutor at his trial improperly commented on his post-arrest silence, in violation of Doyle v. Ohio, 426 U.S. 610, 619-20 (1976).

Cantu stipulated that he had driven a vehicle containing 18.03 kilograms of cocaine. He argues only that there was insufficient evidence as to the knowledge element required to convict him. This court has recognized that a jury may infer a defendant's guilty knowledge based on the quantity of drugs, as long as other evidence supports that inference. United States v. Garcia-Flores, 246 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

451, 455 (5th Cir. 2001). Considering the evidence in the light most favorable to the verdict, see United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998), Cantu gave inconsistent statements regarding the ownership of the vehicle he was driving and his account of how he came to be in possession of the vehicle and the cocaine was implausible. Because this type of circumstantial evidence is sufficient to prove guilty knowledge, United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999), cert. denied, 121 S. Ct. 125 (2000), we conclude that there was sufficient evidence to support Cantu's conviction.

Cantu's argument that the district court erred in denying his motion for a mistrial also fails. Where, as here, an objection is interposed before an improper question can be answered, and the objection is followed by an instruction to the jury to ignore the question, no Doyle violation occurs. United States v. Carter, 953 F.2d 1449, 1466 (5th Cir. 1992). Accordingly, the district court did not abuse its discretion in denying Cantu's motion for a mistrial. See United States v. Ramirez, 963 F.2d 693, 699 (5th Cir. 1992).

AFFIRMED.